United States District Court
Southern District of Texas
**ENTERED**
April 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL AIELLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-85 |
| | § | |
| FRED SOLIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Daniel Aiello is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and the reasons discussed below, the undersigned recommends that Plaintiff's complaint be **DISMISSED without prejudice**.

**I.   JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas. In his original complaint, Plaintiff sues: (1) Fred Solis, member of the Texas Board of Pardons and Parole (Board); (2) Richard Aiello, Parole Officer; (3) Julie Morales, Regional Director; and (4) David Gutierrez, Chief Parole Commissioner. (D.E. 1, p. 3).

Plaintiff claims that Defendants violated his constitutional rights as well as state law when the Board denied his parole in May 2019 and his request for special review on January 21, 2020. (D.E. 1, pp. 6, 15-17). Plaintiff attacks the decision to deny him parole on the grounds that: (1) Defendant Solis participated in Plaintiff's parole review process while operating under a conflict of interest; (2) Defendant Aiello is possibly a relative of Plaintiff and, therefore, should have abstained from voting or commenting on Plaintiff's parole; and (3) the Board's use of esoteric components to deny parole to Plaintiff violated the Due Process Clause, the Double Jeopardy Clause, and statutory law. (D.E. 1, pp. 6-9). Plaintiff asks this Court to review and reverse the Board's denial of parole. (D.E. 1, pp. 4, 10).[1]

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint

---

[1] Plaintiff further asks the Court to return him to the State of Colorado. (D.E. 1, pp. 4, 10). In a separate case filed by Plaintiff at the same time he filed the instant case, he raises claims related to his request to be transferred to Colorado. *Aiello v. Bell*, 2:20cv84 (S.D. Tex. filed on April 3, 2020). All matters related to Plaintiff's request to be transferred to Colorado shall be addressed in that case.

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.   DISCUSSION**

The undersigned must first consider whether Plaintiff's claims are cognizable under § 1983. When an inmate seeks relief that will render invalid the state procedures used to deny parole eligibility or suitability, such claims are cognizable under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

However, an inmate must bring a habeas corpus action if success would necessarily demonstrate the invalidity of his confinement or its duration. *Id.* Furthermore, "if a prisoner is challenging the result of a *specific* parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be

pursued by writ of habeas corpus." *Williams v. Texas Board of Pardons and Paroles*, No. C-06-70, 2006 WL 801030, at *2 (S.D. Tex. Mar. 24, 2006) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)) (emphasis in original).

In this action, Plaintiff raises no claims seeking to challenge state court procedures applicable to parole eligibility or suitability. Rather, Plaintiff's claims mainly relate to the Board's application of specific criteria used to deny him parole in its May 2019 decision. Plaintiff's lone request to have this Court review and reverse the decision to deny him parole, if successful, would necessarily imply that he was entitled to speedier release from confinement.

The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is through a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). However, Plaintiff cannot seek his requested relief in a federal habeas corpus petition until after he has exhausted his available state court remedies. *See* 28 U.S.C. § 2254(b); *Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998); *Williams*, 2006 WL 801030, at *3. Plaintiff offers no allegations to suggest that he has exhausted such remedies with respect to the denial of parole.[2] Accordingly, with regard to Plaintiff's complaints about the legality of his parole denial, it is recommended that such claims be dismissed without prejudice to them being reasserted in a federal habeas corpus petition after exhausting available state remedies.

---

[2] Plaintiff indicates on his completed civil rights form that his claims were "not grievable at Institution level" and that he made a request for a special review of the parole decision which was denied. (D.E. 1, p. 3).

## V.     CONCLUSION

Because Plaintiff's claims relate to the legality of the Board's decision to deny him parole and necessarily imply an entitlement to speedier release from prison, it is respectfully recommended that his action be **DISMISSED without prejudice** to Plaintiff filing a federal habeas corpus petition after exhausting available state remedies.

Respectfully submitted this 13th day of April 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).